NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSSEX COMMONS ASSOCIATES, LLC, a limited liability company of the State of New Jersey, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : : | Civil Action No. 08-CV-4982 (DMC) |
| TOWNSHIP OF FRANKFORD; TOWNSHIP OF FRANKFORD LAND USE BOARD; TOWNSHIP OF FRANKFORD PLAN ENDORSEMENT ADVISORY COMMITTEE; ROBERT McDOWELL; PAUL SUTPHEN; DAVID MINTZ; ALLYN JONES; LINDA FOUNTAIN; BARBARA KELLY; WILLIAM SHELTON; SUSAN SATTER; RHEA FOUNTAIN; ABC, XYZ ENTITIES; JOHN DOE(S) AND JANE DOE(S), | : : : : : : : : : : : : |  |
| Defendants. | : : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to remand by Plaintiff the Sussex Commons Associates, LLC ("Plaintiff"). After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion to remand is **granted**.

**I.    BACKGROUND**[1]

    **A.    Factual Background**

Plaintiff is the developer of an outlet shopping center to be constructed in Frankford Township in Sussex County, New Jersey. The Township's Land Use Board approved Plaintiff's

---

[1] The facts set forth in this Opinion are taken from the Parties' respective submissions.

application for preliminary major site plan and preliminary major subdivision approval. Until recently, Plaintiff's project was part of the Township's "Town Center Plan" as submitted to the State of New Jersey's Office of Smart Growth ("OSG").

Throughout the development process a group of local residents and allegedly a competing developer have opposed Plaintiff's project. The objectors are known as Citizens for Responsible Development at Ross' Corner ("CRDRC"). This group was incorporated, organized and led by Paul Sutphen. On January 1, 2008, Mr. Sutphen became a member of the three person Frankford Township governing body at which point Mr. Sutphen along with council member Robert McDowell, another objector, formed the majority. Mr. Sutphen and McDowell used their majority position to replace the existing Plan Endorsement Committee with objectors to Plaintiff's project. Thereafter, Mr. Sutphen and Mr. McDowell contacted the OSG and requested that it stop processing the then version of the Town Center Plan. In July of 2008, a new Town Center Plan excluding Plaintiff's project was submitted to the OSG.

**B.      Procedural History**

On July 13, 2008, Plaintiff filed an application by Order to Show Cause seeking the entry of an injunction in the Superior Court of New Jersey. Plaintiff's application was assigned to Judge H. Theodore Bozonelis who previously oversaw several closely related matters. Judge Bozonelis decided not to enter the Order to Show Cause. By letter dated August 29, 2009, Judge Bonzonelis directed Defendants to accept service of Plaintiff's submission as a Complaint and to submit an Answer. On October 8, 2008, Defendants filed a notice of removal with this Court.

**II.     STANDARD OF REVIEW**

In an action removed to federal court under 28 U.S.C. §1441, the removing party bears the burden of showing that there is federal subject matter jurisdiction. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); see also Boyer v. Snap-On Tools Corp., 913

F.2d 108, 111 (3d Cir. 1990). The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. See Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Under the "well-pleaded complaint" rule, the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

For removal to be proper, "'[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one of the plaintiff's cause of action.'" Id. (citing Franchise Tax Bd. of Cal. v. Construction Laborer's Vacation Trust for S. Cal., 463 U.S. 1, 9-12 (1983)).

### III. DISCUSSION

Plaintiff contends that by prohibiting the continuation of the project, Defendants have refused to follow New Jersey Law, local municipal ordinances adopted by Frankford Township, and their obligations pursuant to the Developer's Agreement. Plaintiff argues that because several of the Defendants have publically stated that they are opposed to Plaintiff's project, Defendants could not impartially decide any applications submitted regarding the project. Plaintiff seeks the disqualification of the individual Defendants from hearing Plaintiff's applications; injunctive relief requiring that such applications be adjudicated in compliance with applicable law; the appointment of a Special Master; and compensatory damages.

Plaintiff's motion for remand is predicated on two arguments: (A) not all Defendants have joined in the removal petition or consented thereto; and (B) this Court should abstain from hearing

this matter because it primarily involves state law, local issues, and there have been related state court actions.

Defendants respond by arguing that they are truly one entity and/or have a unity of interest and therefore the failure of all Defendants to sign the removal documents should not be construed as failure of all Defendants to join the removal petition. Alternatively, Defendants argue that they should be allowed to cure any defects. Defendants further argue that those Defendants that did not sign the removal papers consented to federal jurisdiction when they timely answered the Complaint. Additionally, Defendants argue that Plaintiff's abstention argument is flawed and does not overcome the fact that Plaintiff's are pursuing federal claims.

### A. Defendants' Removal Petition

It is well-established that all defendants must join in a removal petition, this requirement is known as the "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). There are three exceptions to this rule: (1) when a non-joining defendant is unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. See id. at 213 n.4. Assuming an exception does not apply, the rule of unanimity requires that all defendants "join in the notice of removal or give their consent within [a] thirty day period for the removal to be proper." New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 U.S. Dist. LEXIS 40935 at *3 (D.N.J. June 30, 2006). "Failure of all defendants to join is a defect in the removal procedure . . . but is not deemed to be jurisdictional." Balazik, 44 F.3d at 213.

Motions to remand based on defects in the removal procedure must be filed within thirty days of the filing of the notice of removal. See 28 U.S.C. § 1447(C); Pinnacle Choice, Inc. v. Silverstein,

4

2008 U.S. Dist. LEXIS 36786 at *9-10 (D.N.J. May 6, 2008).  On a motion to remand, the removing party bears the burden of proving that jurisdiction is proper in federal court.  <u>Samuel-Bassett v. Kia Motors Corp.</u>, 357 F.3d 392, 396 (3d Cir. 2004).  Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand. <u>Id.</u>

Defendants concede that not all Defendants manifested their intent in the removal petition nor manifested their consent by written document other than by Answers to the Complaint.  This Court rejects Defendants' implied consent argument because the removing Defendants are affiliated with the other Defendants and thus had ample opportunity to coordinate their actions with them but chose not to.  <u>Pinnacle</u>, 2008 U.S. Dist. LEXIS 36786 at *5.  Defendants' attempt to use implied consent is clearly a post hoc attempt to cure procedural defects with their removal petition.

Given that all Defendants did not manifest their intent to remove or consent to the removal of this matter, the inquire turns to whether an exception applies or whether Defendants should be allowed to cure outside of the thirty day limitation.  No analysis is required in this case for the Court to determine that the non-joining Defendants are known named parties, who have not been fraudulently joined, and who are all residents of New Jersey.  Since none of the exceptions apply, the Court must consider Defendants claim that all of the Defendants are in fact one.

In furtherance of their position that all Defendants consented to the removal, Defendants argue that they all timely filed Answers and/or Notices of Appearances.  By making this argument Defendants point to the fact that they did not file one Answer and they did not act in concert but rather, they acted as individual entities.  The Defendants have not behaved nor represent themselves to be one party until it became necessary to withstand Plaintiff's motion to remand.  The law in this Circuit is clear, all Defendants must consent to removal.  This has not occurred here, therefore,

Defendants removal was defective.

Based on Walmart Stores, Inc. v. Electric Ins. Co., 2007 WL 137238 (D.N.J. 2007), Defendants request leave to cure the defect with their removal petition despite the expiration of the thirty day time limitation. In Walmart, it was determined that a defendant could cure a defect after the expiration of the thirty day limitation where this would be in the interest of justice or judicial economy and there is a showing of extraordinary circumstances. 2007 WL 137238 at *3. Here, Defendants have not made the requisite showing. Justice does not require that this Court hear this matter. Given Plaintiff's argument about related state court proceedings and the fact that Judge Bozonelis developed a plan for managing this litigation, judicial economy points to state court. Lastly, Defendants have not demonstrated extraordinary circumstances.

Defendants cite a Sixth Circuit case which held that district courts have broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in a removal proceeding. Lanier v. American Bd. of Endodontics, 843 F.2d 901, 904 (6th Cir. 1988). The Lanier Court proffered, "when a party undertakes affirmative action in the federal district court, she has waived objection to removal." Id.

In the instant case, Plaintiff has sought leave to file an Amended Complaint but this affirmative action came after Plaintiff filed the within motion to remand. By making the motion to remand first, Plaintiff has preserved its right to raise errors with Defendants' removal petition.

Based on the above, Defendants' removal was defective and it is appropriate for this matter to be remanded to the Superior Court of New Jersey.

### B.     Federal Abstention

Plaintiff argues that this Court should abstain from exercising jurisdiction on two grounds. Plaintiff contends that the Complaint involves substantial state law issues and there have been several related matters adjudicated by Judge Bozonelis which impact this case.

### i.     State Law Issues as Grounds to Abstain

Federal courts should abstain from hearing matters which they are otherwise permitted to hear when to do so would interfere with a state's ability to regulate or interpret its own laws. Chiropractic America v. Lavecchia, 180 F.3d 99, 104 (3d Cir. 1999) (citing Burford v. Sun Oil Co., 319 U.S. 315, 332-34 (1943).  When determining the propriety of abstention under Burford, courts employ a two-step analysis.  Riley v. Simmons, 45 F.3d 764, 771 (3d Cir. 1995).  Courts first question "whether timely and adequate state law review is available."  Id.  If such review is available, courts next "determine if the case...involve[s] difficult questions of state law impacting on the state's public policy or whether the district court's exercise of jurisdiction would have a disruptive effect on the state's efforts to establish a coherent public policy on a matter of important state concern."  Id.

Here, the first prong is evident in that Judge Bozonelis had been dealing with Plaintiff's Complaint and had set forth a plan for managing the litigation.  The second prong is present because this case raises state development and land use issues.  State priorities and resource management are also at issue in this litigation.  Most importantly, the rights and powers of state local government are at issue.  This is precisely the type of case that should be decided in state court.  Therefore, this Court abstains from exercising jurisdiction over this matter.

### ii.     Related State Court Matters as Grounds to Abstain

Plaintiff argues that under the Younger doctrine abstention is appropriate because there are related state court actions.  The Younger doctrine provides that abstention is proper where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

Here, Defendants contend that any related state actions were concluded in 2005.  Accepting

7

this as true, the first prong of the doctrine is not satisfied. Therefore, abstention under <u>Younger</u> is inappropriate.

## IV.    CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's motion to remand is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         May    28  , 2009
Orig.:        Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File